WILLIAM J. GEDDES
Nevada Bar No. 6984
THE GEDDES LAW FIRM, P.C.
1575 Delucchi Lane, Suite 206
Reno, Nevada 89502
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com

*Attorney for Plaintiff Anthony Kirkness*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY KIRKNESS, an individual, | CASE NO. 3:22-CV-00511 |
| Plaintiff, | **COMPLAINT** |
| vs. | **JURY DEMAND** |
| HONEYWELL INTERNATIONAL, INC. D/B/A/ HONEYWELL INTELLIGRATED, | |
| Defendant. | |

**I.**

**STATEMENT OF THE CASE**

This is an employment-discrimination case arising under the Americans With Disabilities Act ("ADA") as amended, and corresponding state laws, NRS 613.330 and NRS 613.340.   Plaintiff Anthony Kirkness worked as a Senior Field Technician for Defendant Honeywell Intelligrated from June of 2019 to May 8, 2020.   Mr. Kirkness suffered a workplace injury, amounting to a physical disability protected under the ADA and state disability laws.   The workplace injury occurred on February 5, 2020, when his left thumb became trapped in a conveyor belt apparatus, causing his thumb to become ripped.   This resulted in a loss of a portion of his left thumb, for which he received multiple surgeries.   Mr. Kirkness is now permanently disfigured and disabled due to this injury.

In the course of his medical treatment, Mr. Kirkness was medically ordered to remain off work until April 22, 2020, and Defendant Honeywell allowed Mr. Kirkness to take this leave of absence. Upon being medically released to return to work, Mr. Kirkness requested to return to work on April 22 and 27, 2020.   He spoke with his supervisor Mike Burgner, who was happy to have Mr. Kirkness return

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

to work.   Mr. Burgner told Mr. Kirkness that Honeywell would accommodate Mr. Kirkness' disabilities, by allowing him to work in a "light duty" position, doing paperwork at the company until Mr. Kirkness reached maximum medical improvement, expected to occur about five months later.   Mr. Burgner also told Mr. Kirkness that, after he reached maximum medical improvement, Honeywell would re-evaluate Mr. Kirkness' medical needs, to determine what further or other accommodations would be needed.   Finally, Mr. Burgner told Mr. Kirkness that he look forward to his return to work at Honeywell.

But when Mr. Kirkness tried to return to work, Honeywell suddenly changed its position and refused to allow him to return to work or accommodate his disability.   Instead, Honeywell fired Mr. Kirkness on a pretext of his having committed a workplace-safety violation relating to his workplace injury.   Honeywell's shifting position here, along with other inconsistencies relating to the alleged workplace-safety issue, undermines Honeywell's convenient pretext for firing Mr. Kirkness.

Honeywell violated Mr. Kirkness' disability rights under the ADA, NRS 613.330 and NRS 613.340.   Mr. Kirkness seeks monetary, equitable, and injunctive relief.

## II.

## JURISDICTION AND VENUE

1.      The federal claims of this case are maintained pursuant to 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").   In particular, this case asserts federal discrimination claims, actionable under the Americans with Disabilities Act and the Americans with Disabilities Act Amendment Act (collectively, "ADA"), codified at 42 U.S.C. § 12101 *et seq*.   This Court has supplemental jurisdiction over the corresponding state-law discrimination claims (NRS 613.330 and NRS 613.340), pursuant to 28 U.S.C. § 1367(a) ("the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

2.      Venue is proper in the U.S. District Court situated in Reno, Nevada, under Local Rule IA 1-6 and 28 U.S.C. § 1391(b) because this Court is located in the "unofficial Northern Division," embracing the City of Reno, County of Washoe, Nevada, and because Defendant HONEYWELL

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

INTERNATIONAL, INC. D/B/A/ HONEYWELL INTELLIGRATED, conducted business in the city of Reno, county of Washoe, Nevada where all or a substantial part of the events or omissions giving rise to the claims of the case occurred.

**III.**

**PARTIES**

3.     At all times relevant herein, Plaintiff ANTHONY KIRKNESS ("Plaintiff" and "KIRKNESS")  was a citizen of the state of Nevada, residing in the County of Washoe, Nevada, and he was employed by Defendant HONEYWELL INTERNATIONAL, INC. D/B/A/ HONEYWELL INTELLIGRATED, a shipping logistics and warehouse company, as a Senior Field Technician, working at HONEYWELL's business location, situated at or about 9715 N. Virginia Street, in the city of Reno, Nevada in the county of Washoe.

4.     Defendant HONEYWELL INTERNATIONAL, INC. D/B/A/ HONEYWELL INTELLIGRATED ("Defendant" and "HONEYWELL") is a foreign corporation organized under the laws of Delaware, authorized to do business in the state of Nevada and actually doing business in the state of Nevada, operating a shipping logistics and warehouse facility, at or about 9715 N. Virginia Street, in the city of Reno, Nevada in the county of Washoe.   At all times relevant herein, HONEYWELL employed more than 500 employees.

**IV.**

**GENERAL ALLEGATIONS COMMON TO ALL CLAIMS**

5.     From June of 2019 to May 8, 2020, KIRKNESS was employed by HONEYWELL , working as Senior Field Technician at HONEYWELL's shipping logistics and warehouse facility situated at or about 9715 N. Virginia Street, in Reno, Nevada.

6.     During his employment tenure with HONEYWELL, KIRKNESS had good performance reviews and was considered by HONEYWELL to be a good employee.

7.     On or about February 5, 2020, Mr. Kirkness' suffered a workplace injury ("Workplace Injury") at HONEYWELL, when his left thumb became trapped in a conveyor belt apparatus, causing his thumb to become ripped.

8.     Due to injuries sustained in the Workplace Injury, KIRKNESS suffered physical

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

impairments ("Physical Impairments"), including an impaired and disfigured left hand, which is also missing a portion of his thumb.

9.     KIRKNESS' Physical Impairments include, and arise from, the disfigurement of his left hand, having a partially amputated left thumb and significantly diminished dexterity, flexibility, and strength in his left hand.

10.    KIRKNESS' Physical Impairments include, and arise from, his inability to bend his left thumb more than ten percent (10%), and his left index finger, left palm, and left wrist are also injured and disabled.

11.    At all times relevant herein, KIRKNESS' Physical Impairments substantially limited one or more of his major life activities, including performing physical tasks with his left hand and working.

12.    These impairments lasted for more than six months, and given the permanent nature of his disfigurement and disability, are expected to continue for the rest of KIRKNESS' life.

13.    At all times relevant herein, KIRKNESS received medical treatment for his Physical impairments, including multiple surgeries.

14.    At all times relevant herein, KIRKNESS' Physical Impairments were disabilities ("Disabilities"), within the meaning, scope, and protection of the American's With Disabilities Act and its Amendment Act (collectively, the "ADA") and corresponding state statutes, NRS 613.330 and NRS 613.340.

15.    Notwithstanding the existence of KIRKNESS' Disabilities, at all times relevant herein, KIRKNESS could perform, and could have performed, the essential functions of his job with a reasonable accommodation, including those described herein and others not proposed or considered by Defendant HONEYWELL, including accommodations that:

(A)     made modifications or adjustments to the work environment at HONEYWELL, or to the manner or circumstances under which KIRKNESS' job duties or position were customarily performed, including by job restructuring, modifying KIRKNESS' work schedule, acquiring or modifying equipment, changing company policies, and providing assistants or helpers,

(B)     transferred KIRKNESS to another available position within the company,

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

4

regardless of location, for which he was qualified; and

(C)    allowed KIRKNESS to take additional medical leave, to improve his physical condition and abilities relating to his Disabilities.

16.    At all times relevant herein, during his employment tenure at HONEYWELL, KIRKNESS (and/or those acting on his behalf, including his medical providers) communicated to Defendant HONEYWELL that KIRKNESS suffered from Physical impairments and Disabilities, and requested that Defendant HONEYWELL provide him reasonable accommodations for his Disabilities,

17.    At all times relevant herein, Defendant HONEYWELL was aware of KIRKNESS' Physical impairments and Disabilities, including when receiving medical records and information from, or on behalf of, KIRKNESS.

18.    At all times relevant herein, Defendant HONEYWELL knew that KIRKNESS wanted to return to work at HONEWELL, notwithstanding his Disabilities, but that he would need a reasonable accommodation to do so based on his medical condition, medical restrictions, and/or Disabilities.

19.    At all times relevant herein, Defendant HONEYWELL was under a legal duty to engage in the ADA/NRS 613.330-mandated "interactive-process" with KIRKNESS, in good faith, to identify and implement appropriate reasonable accommodations for KIRKNESS' Disabilities.

20.    In the course of his medical treatment for his Disabilities, KIRKNESS was medically ordered to remain off work until April 22, 2020, which was communicated to HONEYWELL and constituted a request for an accommodation of his Disabilities under the ADA and NRS 613.330.

21.    Initially, HONEYWELL accommodated KIRKNESS' Disabilities, by allowing him to take a medical leave of absence, as required by his medical work restrictions, in lieu of termination, until April 22, 2020.

22.    On or about April 22 and 27, 2020, KIRKNESS communicated with his supervisor Mike Burgner, telling him he wanted to return to work and requesting an accommodation of his Disabilities in the form of returning to work and performing "light duty" work.

23.    In response, Burgner advised KIRKNESS that HONEYWELL would grant that accommodation request, and that KIRKNESS could return to work, and that he would be accommodated with a "light-duty" position, doing paperwork at the company until KIRKNESS reached

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

maximum medical improvement ("MMI"), which was expected to occur about five months later.

24.     Under this accommodation by HONEYWELL, according to Burgner, after KIRKNESS reached MMI, the issue of how to further accommodate his Disabilities would be re-evaluated, to determine what further accommodations would be needed.

25.     Indeed, Burgner told KIRKNESS that he looked forward to Mr. Kirkness' return to work.

26.     No allegation was made against KIRKNESS at that time that KIRKNESS had committed work-safety violations, in connection with his Workplace Injury, nor was there any suggestion at that time that KIRKNESS would be fired.

27.     But when KIRKNESS attempted to return to work, HONEYWELL suddenly balked at reasonably accommodating his Disabilities and fired him on a pretext of KIRKNESS having committed a work-safety violation.

28.     However, KIRKNESS did not commit the alleged work-safety violation that he was accused of committing.

29.     HONEYWELL's shifting position here, of allowing him to come back to work performing "light-duty" work, but then suddenly refusing to do so, along with other facts and inconsistencies, establish that HONEYWELL's proffered reason for firing KIRKNESS was a mere pretext.

30.     HONEYWELL's claim that KIRKNESS committed a work-safety violation was a mere pretext to mask HONEYWELL's disability discrimination and retaliation against KIRKNESS.

31.     Evidence of such a pretext includes, but is not limited to, the disparate and differential treatment by HONEYWELL to other similarly situated employees who were not disabled, and who did not receive adverse employer actions, including termination, for their actual, implied, or alleged safety violations.

32.     For example, a HONEYWELL co-worker named Evans Otele, was also involved in the very same Workplace-Injury incident, but Otele was not disciplined or similarly disciplined as KIRKNESS was, notwithstanding the fact that KIRKNESS and Otele were on a two-man team attempting to repair a conveyor belt and they were both responsible for complying with the same safety

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

procedures, but only KIRKNESS was faulted and fired here.

33.   If KIRKNESS actually committed the safety violation in question, which he asserts that he did not, then so, too, did Otele, but Otele was not disciplined or similarly disciplined, showing that KIRKNESS' alleged safety violation did not actually occur.

34.   Moreover, or in the alternative, even if KIRKNESS had committed this work-safety violation, which he asserts that he did not, HONEYWELL would not have ordinarily fired KIRKNESS, if he did not have his Disabilities described herein.

35.   HONEYWELL fired KIRKNESS *because* of his Disabilities, notwithstanding the alleged safety violation, using the alleged work-safety violation as a pretext to mask its unlawful disability discrimination and retaliation.

36.   This is established, in part, by the temporal proximity, spanning less than three (3) months, of:

(A)   KIRKNESS' requests for accommodation of his Disabilities, which were "protected activities" within the meaning of the ADA and corresponding state statutes, NRS 613.330 and 613.340; and

(B)   HONEYWELL's adverse actions ("Adverse Actions") taken against KIRKNESS, including:

i.   HONEYWELL's false or hypercritical write-up against, and disproportionate disciplining of, KIRKNESS for the alleged safety violation;

ii.   HONEYWELL's refusal to engage in a good-faith interactive process;

iii.   HONEYWELL's failure to accommodate KIRKNESS' Disabilities; and

iv.   HONEYWELL's termination of KIRKNESS.

37.   The pretext allegations of ¶ 35 are further established, in part, by the facts that Otele, being similarly situated to KIRKNESS in the Workplace-Injury incident (except that Otele was not disabled like KIRKNESS), was not terminated for committing the same or similar, safety violation as KIRKNESS was alleged to have committed, given that Evans was operating at the same scene, at the same time, under the same circumstances, and obligated to observe the same safety requirements as was KIRKNESS, such that, if KIRKNESS did not comply with the safety requirements alleged by

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

HONEYWELL, then, by factual circumstances and implications, neither did Otele.

38.     In taking these Adverse Actions against KIRKNESS, HONEYWELL unlawfully discriminated against KIRKNESS based on his Disabilities and retaliated against him for engaging in the protected activities, in violation of the ADA and NRS 613.330 and NRS 613.340.

39.     At all times relevant herein, KIRKNESS engaged in Protected Activities ("Protected Activity" or "Protected Activities"), protected under the anti-retaliation provisions of the ADA and NRS 613.340, including that described herein and further described as follows:

(A)     KIRKNESS repeatedly requested accommodations for his Disabilities during the period of February of 2020 through the date of his termination on Mary 8, 2020, including his requests to be returned to work with a reasonable accommodation of his Disabilities; and

(B)     KIRKNESS resisted Defendant' discriminatory actions that were violative of the ADA, NRS 613.330, and NRS 613.340, including when challenging Defendant' refusal to return him to work and their pretext of claiming he committed a safety violation leading to his termination.

40.     At all times relevant herein, Defendant HONEYWELL deliberately and intentionally engaged in its Adverse Employment Actions against KIRKNESS, intending to engage in disability discrimination;

41.     At all times relevant herein, when taking each Adverse Employment Action against KIRKNESS, HONEYWELL violated employment discrimination laws, including ADA and NRS 613.330 and/or NRS 613.340.

42.     KIRKNESS timely submitted, or caused to be submitted, a charge of unlawful disability discrimination and retaliation, for both state (NRS 613.330 and NRS 613.340) and federal violations (ADA) with the Equal Employment Opportunity Commission ("EEOC") in EEOC Claim No. 550-2020-01603, as alleged herein.

43.     At all times relevant herein, the Nevada Equal Rights Commission ("NERC"), a commission within the Nevada Department of Employment, Training, and Rehabilitation, was the Fair Employment Practices Agency ("FEPA") which was responsible for enforcing anti-employment discrimination laws in Nevada, similar to the federal anti-employment discrimination laws enforced by EEOC.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

44.     At all relevant times herein, the NERC/FEPA and the EEOC had a "work-share agreement," ("WSA") which permitted either the NERC/FEPA or the EEOC to process *both* the state (NRS 613.330 and NRS 613.340) and federal (ADA) claims, depending on where the claim was filed.

45.     Pursuant to the WSA, the EEOC received and processed both the state (NRS 613.330 and NRS 613.340) and federal (ADA) claims, when handling EEOC Claim No. 550-2020-01603, and all claims asserted herein, whether state-law claims or federal claims, are now administratively exhausted.

46.     On August 22, 2022, the EEOC, issued a "right-to-sue letter" for the discrimination claims of this case, as described in EEOC Claim No. 550-2020-01603, pursuant to 42 U.S.C. 12111 *et seq.*, for *both* the state (NRS 613.330 and NRS 613.340) and federal (ADA) claims, and KIRKNESS timely filed the instant suit within ninety (90) days of the receipt of that "right-to-sue letter."

47.     Under Federal Rule of Civil Procedure 8, the claims of this pleading are pleaded consistently, inconsistently, and/or alternately, as permitted under the rule, including for claims whose legal elements require "but-for" or "determining-factor" causation.

### *FEDERAL CLAIMS*

### V.

### FIRST CLAIM FOR RELIEF

### UNLAWFUL DISCRIMINATION BASED ON DISABILITY:

### Failure to Engage in the Interactive Process in Good Faith, Failure to Accommodate Disabilities, Disparate Treatment, and Termination of Employment Because of Disabilities

### (Americans With Disabilities Act and Amendment Act - 42 U.S.C. § 12101 *et seq.*)

48.     KIRKNESS incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

49.     Defendant HONEYWELL violated the ADA and 42 U.S.C. § 12101 *et seq*. and is liable for its culpable conduct and the conduct of its employees and agents, including its HR Personnel, under the ADA and 42 U.S.C. § 12101 *et seq*. for the reasons set forth in this claim for relief.

50.     At all times relevant herein, KIRKNESS' Disabilities, described herein, were Physical Impairments, as described herein, which Disabilities are covered by, and within the meaning of, the

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

ADA codified at 42 U.S.C. § 12102 *et seq.*, in that these Physical Impairments substantially limited one or more of KIRKNESS' major life activities, including:

(A)    activities requiring that KIRKNESS bend his left thumb more than ten percent (10%);

(B)    activities requiring the use of KIRKNESS left index finger, left palm, and left wrist;

(C)    activities generally requiring that KIRKNESS perform physical tasks with his left hand; and

(D)    working.

51.    At all times relevant herein, Defendant HONEYWELL, including through its agents and employees:

(A)    were aware of KIRKNESS' Disabilities;

(B)    were aware that KIRKNESS had a record of such Disabilities; and

(C)    regarded KIRKNESS as having Physical Impairments, including his Disabilities, (which has continued for than six months) that substantially limited one or more of his major life activities, as described herein, including when receiving medical records and information from, or on behalf of, KIRKNESS.

52.    Notwithstanding KIRKNESS' Disabilities, at all relevant times herein, KIRKNESS could perform the essential functions of his job, with a reasonable accommodation of his Disabilities, including those described herein and others not proposed or considered by Defendant HONEYWELL, including accommodations that:

(A)    made modifications or adjustments to the work environment at HONEYWELL, or to the manner or circumstances under which KIRKNESS' job duties or position were customarily performed, including by job restructuring, modifying KIRKNESS' work schedule, acquiring or modifying equipment, changing company policies, and providing assistants or helpers,

(B)    transferred KIRKNESS to another available position within the company, regardless of location, for which he was qualified; and

(C)    allowed KIRKNESS to take additional medical leave, to improve his physical

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

condition and abilities relating to his Disabilities.

53. At all relevant times herein, Defendant HONEYWELL was required to engage in the "interactive process" mandated by the ADA, to identify and implement appropriate reasonable accommodations to KIRKNESS for his Disabilities, including to explore and identify the precise limitations resulting from KIRKNESS' Disabilities and the potential reasonable accommodations that could overcome those limitations.

54. At all relevant times herein, Defendant HONEYWELL, including through its employees and agents, refused to, and intentionally failed to, engage or *continue* to engage, in the mandatory ADA-interactive-process in good faith with KIRKNESS regarding his requests for accommodation of his Disabilities, as described herein.

55. If Defendant HONEYWELL had properly engaged or continued to engage in the Interactive Process with KIRKNESS, as described herein, then Defendant HONEYWELL and KIRKNESS could have identified reasonable accommodations for KIRKNESS' Disabilities, which would have allowed his to remain employed with Defendant HONEYWELL, as envisioned by the ADA, including and beyond the "light duty" work that Burgner told KIRKNESS that HONEYWELL would provide to him.

56. At all relevant times herein, Defendant HONEYWELL, including through its employees and agents, intentionally engaged in Adverse Employment Actions against KIRKNESS, described herein, because of his Disabilities.

57. At all relevant times herein, Defendant HONEYWELL, including through its employees and agents, intentionally engaged in disparate treatment of KIRKNESS, as compared to other similarly situated employees, including Otele as described herein, and such differences in treatment were based on KIRKNESS' protected characteristic of his Disabilities, as described herein, including when taking the Adverse Actions against KIRKNESS, as described herein.

58. As a result of such intentional, unlawful, and discriminatory conduct against KIRKNESS by Defendant HONEYWELL, including through its employees and agents, based on and because of KIRKNESS' Disabilities, KIRKNESS has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

mental anguish, inconvenience, and the loss of enjoyment of life, for which he is entitled to compensatory and equitable damages, in an amount to be proven at trial.

59. The Adverse Employment Actions, disparate treatment, and unlawful discrimination by Defendant HONEYWELL, including its employees and agents, was intentional, willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, federally-protected and state-law-protected rights of KIRKNESS—including when Defendant took its Adverse Actions against KIRKNESS—all while Defendant HONEYWELL, its management, and its HR personnel were well aware of KIRKNESS' rights under the ADA, NRS 613.330, and NRS 613.340, and all while they were well aware of Defendant HONEYWELL's legal obligations under the ADA, NRS 613.330, and NRS 613.340—warranting an award of punitive damages, to punish Defendant HONEYWELL, in an amount determined by a jury at trial, according to law.

60. As a result of such intentional, unlawful, and discriminatory conduct against KIRKNESS by Defendant HONEYWELL, including through its employees and agents, based on and because of KIRKNESS' Disabilities, KIRKNESS has had to retain the services of attorneys in this matter, and he, therefore, is entitled to, and seeks reimbursement for, his attorneys' fees and costs, his expert-witness fees, and his court costs, in an amount to be proven at trial.

61. As a result of such intentional, unlawful, and discriminatory conduct against KIRKNESS by Defendant HONEYWELL, including through its employees and agents, based on and because of KIRKNESS' Disabilities, KIRKNESS is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant violated KIRKNESS' rights by engaging in unlawful discrimination, as alleged herein.

62. As a result of such intentional, unlawful, and discriminatory conduct against KIRKNESS by Defendant HONEYWELL, including through its employees and agents, based on and because of KIRKNESS' Disabilities, KIRKNESS is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendant HONEYWELL to give effect to the rights of KIRKNESS, and to take other appropriate action, including: the removal of all adverse information from his employee file, relevant to the claims of this case, and, if appropriate and feasible, the reinstatement of KIRKNESS to his prior employment position or another vacant position with

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

Defendant HONEYWELL, for which he qualifies, with full pay and benefits, as if never terminated.

## VI.

### SECOND CLAIM FOR RELIEF

### UNLAWFUL RETALIATION BASED ON DISABILITY:

**Violation of the Anti-Retaliation Provisions of the ADA, 42 U.S.C. § 12203 *et seq.***

63.     KIRKNESS incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

64.     Defendant HONEYWELL violated the ADA's anti-retaliation provision and 42 U.S.C. § 12203 *et seq*. and is liable for unlawful retaliation under the ADA for its culpable conduct and the conduct of its employees and agents, under the ADA and 42 U.S.C. § 12203 *et seq*. for the reasons set forth in this claim for relief.

65.     At all times relevant herein, KIRKNESS engaged in the Protected Activities described herein, including in ¶ 39, above, which were protected under the anti-retaliation provisions of the ADA.

66.     At all times relevant herein, Defendant HONEYWELL, including through its employees and agents, subjected KIRKNESS to the Adverse Employer Actions described herein in response to, retaliation for, and because of, his having engaged in the Protected Activities, described herein.

67.     At all times relevant herein, such Adverse Employer Actions taken against KIRKNESS by Defendant HONEYWELL, including through its employees and agents, as described herein, including at ¶¶ 36(B)(i)-(iv), would be materially adverse to a reasonable employee, reasonably likely to deter charging parties or others from engaging in protected activity, and such Adverse Employer Actions materially affected the compensation, terms, conditions, or privileges of KIRKNESS' employment and other rights secured to KIRKNESS.

68.     There was a causal link between KIRKNESS' Protected Activities and these Adverse Employer Actions that KIRKNESS suffered, including that causation shown by direct or circumstantial evidence, including temporal proximity.

69.     Defendant HONEYWELL, including through its employees and agents, subjected KIRKNESS to these Adverse Employer Actions, in retaliation for, and because of, his Protected Activities.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

70.     Defendant HONEYWELL, including through its employees and agents, unlawfully discriminated against KIRKNESS by retaliation, described herein, and violated the anti-retaliation provisions of the ADA, including as codified at 42 U.S.C. § 12203.

71.     As a result of such intentional, unlawful, retaliatory conduct against KIRKNESS by Defendant HONEYWELL, including through its employees and agents, based on and because of KIRKNESS' Protected Activities, KIRKNESS has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which he is entitled to compensatory and equitable damages, in an amount to be proven at trial.

72.     The deliberate, unlawful, retaliatory conduct against KIRKNESS by Defendant HONEYWELL, including through its employees and agents, based on and because of KIRKNESS' Protected Activities, was intentional, willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, federally-protected rights, and state-law-protected rights of KIRKNESS—including as shown by the fact that Defendant' management and HR personnel were trained on their legal obligations under anti-employment-discrimination laws and of the corresponding rights of their employees, including KIRKNESS, and they were well aware of KIRKNESS' rights under the ADA, NRS 613.330, and NRS 613.340—warranting an award of punitive damages, to punish Defendant HONEYWELL, in an amount determined by a jury at trial, according to law.

73.     As a result of such intentional, unlawful, and retaliatory conduct against KIRKNESS by Defendant HONEYWELL, including through its employees and agents, based on and because of KIRKNESS' Protected Activity, KIRKNESS has had to retain the services of attorneys in this matter, and he, therefore, is entitled to, and seeks reimbursement for, his attorneys' fees and costs, his expert-witness fees, and his court costs, in an amount to be proven at trial.

74.     As a result of such intentional, unlawful, and retaliatory conduct against KIRKNESS by Defendant HONEYWELL, including through its employees and agents, based on and because of KIRKNESS' Protected Activity, KIRKNESS is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant violated KIRKNESS' rights by engaging in unlawful retaliation, as alleged herein.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

14

75.     As a result of such intentional, unlawful, and retaliatory conduct against KIRKNESS by Defendant HONEYWELL, including through its employees and agents, based on and because of KIRKNESS' Protected Activity, KIRKNESS is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendant HONEYWELL to give effect to the rights of KIRKNESS, and to take other appropriate action, including: the removal of all adverse information from his employee file, relevant to the claims of this case, and, if appropriate and feasible, the reinstatement of KIRKNESS to his prior employment position or another vacant position with HONEYWELL, for which he qualifies, with full pay and benefits, as if never terminated.

### *STATE CLAIMS*

### VII.

### THIRD CLAIM FOR RELIEF

### UNLAWFUL DISCRIMINATION BASED ON DISABILITY:

### Failure to Engage in the Interactive Process in Good Faith, Failure to Accommodate Disabilities, Disparate Treatment, and Termination of Employment Because of Disabilities

### (Nevada Disability Discrimination Statute NRS 613.330)

76.     KIRKNESS incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

77.     Defendant HONEYWELL violated NRS 613.330 and is liable for its culpable conduct and the conduct of its employees and agents, including its HR Personnel, under NRS 613.330 for the reasons set forth in this claim for relief.

78.     At all times relevant herein, KIRKNESS' Disabilities, described herein, were Physical Impairments, as described herein, which Disabilities are covered by, and within the meaning of, NRS 613.330, in that these Physical Impairments substantially limited one or more of KIRKNESS' major life activities, including:

(A)     activities requiring that KIRKNESS bend his left thumb more than ten percent (10%);

(B)     activities requiring the use of KIRKNESS left index finger, left palm, and left wrist;

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

15

(C)     activities generally requiring that KIRKNESS perform physical tasks with his left hand; and

(D)     working.

79.     At all times relevant herein, Defendant HONEYWELL, including through its agents and employees:

(A)     were aware of KIRKNESS' Disabilities;

(B)     were aware that KIRKNESS had a record of such Disabilities; and

(C)     regarded KIRKNESS as having Physical Impairments, including his Disabilities, (which has continued for than six months) that substantially limited one or more of his major life activities, as described herein, including when receiving medical records and information from, or on behalf of, KIRKNESS.

80.     Notwithstanding KIRKNESS' Disabilities, at all relevant times herein, KIRKNESS could perform the essential functions of his job, with a reasonable accommodation of his Disabilities, including those described herein and others not proposed or considered by Defendant HONEYWELL, including accommodations that:

(D)     made modifications or adjustments to the work environment at HONEYWELL, or to the manner or circumstances under which KIRKNESS' job duties or position were customarily performed, including by job restructuring, modifying KIRKNESS' work schedule, acquiring or modifying equipment, changing company policies, and providing assistants or helpers,

(E)     transferred KIRKNESS to another available position within the company, regardless of location, for which he was qualified; and

(F)     allowed KIRKNESS to take additional medical leave, to improve his physical condition and abilities relating to his Disabilities.

81.     At all relevant times herein, Defendant HONEYWELL was required to engage in the "interactive process" mandated by NRS 613.313, to identify and implement appropriate reasonable accommodations to KIRKNESS for his Disabilities, including to explore and identify the precise limitations resulting from KIRKNESS' Disabilities and the potential reasonable accommodations that could overcome those limitations.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

16

82.   At all relevant times herein, Defendant HONEYWELL, including through its employees and agents, refused to, and intentionally failed to, engage or *continue* to engage, in the mandatory ADA-interactive-process in good faith with KIRKNESS regarding his requests for accommodation of his Disabilities, as described herein.

83.   If Defendant HONEYWELL had properly engaged or continued to engage in the Interactive Process with KIRKNESS, as described herein, then Defendant HONEYWELL and KIRKNESS could have identified reasonable accommodations for KIRKNESS' Disabilities, which would have allowed his to remain employed with Defendant HONEYWELL, as envisioned by the ADA, including and beyond the "light duty" work that Burgner told KIRKNESS that HONEYWELL would provide to him.

84.   At all relevant times herein, Defendant HONEYWELL, including through its employees and agents, intentionally engaged in Adverse Employment Actions against KIRKNESS, described herein, because of his Disabilities.

85.   At all relevant times herein, Defendant HONEYWELL, including through its employees and agents, intentionally engaged in disparate treatment of KIRKNESS, as compared to other similarly situated employees, including Otele as described herein, and such differences in treatment were based on KIRKNESS' protected characteristic of his Disabilities, as described herein, including when taking the Adverse Actions against KIRKNESS, as described herein.

86.   As a result of such intentional, unlawful, and discriminatory conduct against KIRKNESS by Defendant HONEYWELL, including through its employees and agents, based on and because of KIRKNESS' Disabilities, KIRKNESS has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which he is entitled to compensatory and equitable damages, in an amount to be proven at trial.

87.   The Adverse Employment Actions, disparate treatment, and unlawful discrimination by Defendant HONEYWELL, including its employees and agents, was intentional, willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, federally-protected and state-law-protected rights of KIRKNESS—including when Defendant took its Adverse Actions against

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

KIRKNESS—all while Defendant HONEYWELL, its management, and its HR personnel were well aware of KIRKNESS' rights under the ADA, NRS 613.330, and NRS 613.340, and all while they were well aware of Defendant HONEYWELL's legal obligations under the ADA, NRS 613.330, and NRS 613.340—warranting an award of punitive damages, to punish Defendant HONEYWELL, in an amount determined by a jury at trial, according to law.

88.     As a result of such intentional, unlawful, and discriminatory conduct against KIRKNESS by Defendant HONEYWELL, including through its employees and agents, based on and because of KIRKNESS' Disabilities, KIRKNESS has had to retain the services of attorneys in this matter, and he, therefore, is entitled to, and seeks reimbursement for, his attorneys' fees and costs, his expert-witness fees, and his court costs, in an amount to be proven at trial.

89.     As a result of such intentional, unlawful, and discriminatory conduct against KIRKNESS by Defendant HONEYWELL, including through its employees and agents, based on and because of KIRKNESS' Disabilities, KIRKNESS is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant violated KIRKNESS' rights by engaging in unlawful discrimination, as alleged herein.

90.     As a result of such intentional, unlawful, and discriminatory conduct against KIRKNESS by Defendant HONEYWELL, including through its employees and agents, based on and because of KIRKNESS' Disabilities, KIRKNESS is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendant HONEYWELL to give effect to the rights of KIRKNESS, and to take other appropriate action, including: the removal of all adverse information from his employee file, relevant to the claims of this case, and, if appropriate and feasible, the reinstatement of KIRKNESS to his prior employment position or another vacant position with Defendant HONEYWELL, for which he qualifies, with full pay and benefits, as if never terminated.

## VIII.

### FOURTH CLAIM FOR RELIEF

### UNLAWFUL RETALIATION BASED ON DISABILITY:

### (Anti-Retaliation Provisions of Nevada's Disability Discrimination Statute NRS 613.340)

91.     KIRKNESS incorporates by reference all prior allegations of this *Complaint*, as though

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

1  fully set forth herein.

2  92.   Defendant HONEYWELL violated NRS 613.340's anti-retaliation provision and is

3  liable for unlawful retaliation under NRS 613.340 for its culpable conduct and the conduct of its

4  employees and agents, under NRS 613.340, for the reasons set forth in this claim for relief.

5  93.   At all times relevant herein, KIRKNESS engaged in the Protected Activities described

6  herein, including in ¶ 39, above, which were protected under the anti-retaliation provisions of NRS

7  613.340.

8  94.   At all times relevant herein, Defendant HONEYWELL, including through its employees

9  and agents, subjected KIRKNESS to the Adverse Employer Actions described herein in response to,

10  retaliation for, and because of, his having engaged in the Protected Activities, described herein.

11  95.   At all times relevant herein, such Adverse Employer Actions taken against KIRKNESS

12  by Defendant HONEYWELL, including through its employees and agents, as described herein,

13  including at ¶¶ 36(B)(i)-(iv), would be materially adverse to a reasonable employee, reasonably likely

14  to deter charging parties or others from engaging in protected activity, and such Adverse Employer

15  Actions materially affected the compensation, terms, conditions, or privileges of KIRKNESS'

16  employment and other rights secured to KIRKNESS.

17  96.   There was a causal link between KIRKNESS' Protected Activities and these Adverse

18  Employer Actions that KIRKNESS suffered, including that causation shown by direct or circumstantial

19  evidence, including temporal proximity.

20  97.   Defendant HONEYWELL, including through its employees and agents, subjected

21  KIRKNESS to these Adverse Employer Actions, in retaliation for, and because of, his Protected

22  Activities.

23  98.   Defendant HONEYWELL, including through its employees and agents, unlawfully

24  discriminated against KIRKNESS by retaliation, described herein, and violated the anti-retaliation

25  provisions of NRS 613.340.

26  99.   As a result of such intentional, unlawful, retaliatory conduct against KIRKNESS by

27  Defendant HONEYWELL, including through its employees and agents, based on and because of

28  KIRKNESS' Protected Activities, KIRKNESS has suffered, and continues to suffer, economic losses,

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which he is entitled to compensatory and equitable damages, in an amount to be proven at trial.

100.    The deliberate, unlawful, retaliatory conduct against KIRKNESS by Defendant HONEYWELL, including through its employees and agents, based on and because of KIRKNESS' Protected Activities, was intentional, willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, federally-protected rights, and state-law-protected rights of KIRKNESS—including as shown by the fact that Defendant' management and HR personnel were trained on their legal obligations under anti-employment-discrimination laws and of the corresponding rights of their employees, including KIRKNESS, and they were well aware of KIRKNESS' rights under the ADA, NRS 613.330, and NRS 613.340—warranting an award of punitive damages, to punish Defendant HONEYWELL, in an amount determined by a jury at trial, according to law.

101.    As a result of such intentional, unlawful, and retaliatory conduct against KIRKNESS by Defendant HONEYWELL, including through its employees and agents, based on and because of KIRKNESS' Protected Activity, KIRKNESS has had to retain the services of attorneys in this matter, and he, therefore, is entitled to, and seeks reimbursement for, his attorneys' fees and costs, his expert-witness fees, and his court costs, in an amount to be proven at trial.

102.    As a result of such intentional, unlawful, and retaliatory conduct against KIRKNESS by Defendant HONEYWELL, including through its employees and agents, based on and because of KIRKNESS' Protected Activity, KIRKNESS is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant violated KIRKNESS' rights by engaging in unlawful retaliation, as alleged herein.

103.    As a result of such intentional, unlawful, and retaliatory conduct against KIRKNESS by Defendant HONEYWELL, including through its employees and agents, based on and because of KIRKNESS' Protected Activity, KIRKNESS is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendant HONEYWELL to give effect to the rights of KIRKNESS, and to take other appropriate action, including: the removal of all adverse information from his employee file, relevant to the claims of this case, and, if appropriate and feasible, the

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

reinstatement of KIRKNESS to his prior employment position or another vacant position with HONEYWELL, for which he qualifies, with full pay and benefits, as if never terminated.

## IX.

### PRAYER FOR RELIEF

WHEREFORE, KIRKNESS prays for judgment against Defendant HONEYWELL, as follows:

1. For equitable relief, including back pay and front pay, to the fullest recoverable extent, under the ADA, NRS 613.330, and NRS 613.340, separately, in an amount to be proven at trial;

2. For general, compensatory damages on all claims, to the fullest recoverable extent, under the ADA, NRS 613.330, and NRS 613.340, including for non-pecuniary, compensatory damages for emotional pain, suffering, inconvenience, mental anguish, anger, loss of enjoyment of life, and other nonpecuniary losses, separately, in an amount to be proven at trial;

3. For special, compensatory damages on all claims, for pecuniary losses and damages to the fullest recoverable extent, under the ADA, NRS 613.330, and NRS 613.340, separately, in an amount to be proven at trial;

4. For past and future compensatory damages, including incidental and consequential losses, incurred by reason of Defendant's acts, omissions, carelessness, negligence, deliberate indifference, and other culpable conduct described herein, in an amount to be proven at trial, to the fullest recoverable extent, under the ADA, NRS 613.330, and NRS 613.340, separately, in an amount to be proven at trial;

5. For exemplary and punitive damages, as allowed by law;

6. For costs of the suit incurred herein, as allowed by law;

7. For attorneys' fees, costs, and prejudgment interest, as allowed by law;

8. For experts' fees, costs as allowed by law, in an amount in an amount to be determined at trial or a hearing on the same;

9. For Declaratory relief, equitably determined by the Court at trial. Pursuant to 28 U.S.C. § 2201, Federal Rule of Civil Procedure 57, 42 U.S.C. §§ 2000e-5, NRS 30.070, NRS

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

21

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

30.100, NRS 613.330, and NRS 613.340, and the Court's inherent equitable powers, KIRKNESS seeks, and is entitled to have, declaratory relief awarded in his favor, to declare his rights and the obligations of Defendant HONEYWELL, which matters are now in controversy or dispute, where such declaratory relief is necessary and proper to the termination of the disputes raised herein, including as specifically prayed for below, including declaratory relief whereby the Court issues a declaration that Defendant HONEYWELL unlawfully discriminated against KIRKNESS in violation of the ADA, NRS 613.330, and NRS 613.340, and otherwise violated KIRKNESS' rights under federal law and state law, as alleged herein, and regarding the rights and obligations of the parties, relating to KIRKNESS' employment and re-employment;

10.  Based on the foregoing, KIRKNESS has suffered an irreparable injury, and the remedies available at law, such as monetary damages, are inadequate to compensate for that injury.  This inadequacy is, in part, based on the facts that KIRKNESS is not currently employed by Defendant HONEYWELL and should be reinstated, if feasible, including to another vacant position at Defendant HONEYWELL, for which he is qualified, and the inadequacies of remedies available at law, such as monetary damages, are further based on the fact that Defendant HONEYWELL is currently maintaining false and disparaging information about KIRKNESS' work performance and tenure at HONEYWELL, which will be discovered by third parties, including prospective employers of KIRKNESS, which will interfere with his ability to obtain employment, including re-employment at HONEYWELL.   As such KIRKNESS is entitled to injunctive relief, including an injunction compelling Defendant:

(A)  To remove false, adverse information contained in his personnel files relating to the claims of this case;

(B)  To provide only a "neutral" job reference concerning KIRKNESS' tenure at HONEYWELL, to all inquiring prospective employers; and

(C)  To reinstate KIRKNESS' employment at HONEYWELL or to another available position for which he qualifies at HONEYWELL, if feasible and appropriate,

with full pay and benefits, as if never terminated.

Considering the balance of hardships between Plaintiff and Defendant, a remedy in equity is warranted, and the public interest would not be disserved by issuance of such injunctive relief. KIRKNESS herein seeks Injunctive relief, equitably determined by the Court at trial;

11.    For such other relief as the Court may deem just and proper; and

12.    Pursuant to the *Federal Rules of Civil Procedure*, Rule 38, Plaintiff demands a trial by jury on all issues triable by right of a jury.

Dated this 16th day of November 2022.    THE GEDDES LAW FIRM, P.C

WILLIAM J. GEDDES
Nevada Bar Number 6984
The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, Nevada 89502
(775) 853-9455
*Attorneys for Claimant Anthony Kirkness*